IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:14CR148 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JASON M. WILDS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 7, 2015, after granting defendant Jason M. Wilds' (Wilds) motion for a mental competency examination, the court ordered Wilds committed to the custody of the Attorney General for a competency examination pursuant to 18 U.S.C. § 4241 (Filing No. 44). The psychological evaluation was completed by the staff of the Federal Detention Center, Englewood, Colorado (FDC-Englewood). The evaluation was performed by Jessica Jeremiah Dwyer, Ph.D. (Dr. Dwyer), Forensic Psychologist, FDC-Englewood. The forensic evaluation report, dated September 11, 2015 (Filing No. 48 - Sealed), was provided to counsel for the government and the defendant. The defendant was returned to the District of Nebraska for hearing.

A competency hearing pursuant to 18 U.S.C. § 4247(d) was held on September 28, 2015. The defendant was present together with his counsel, Assistant Federal Public Defender Karen M. Shanahan. The United States was represented by Assistant U.S. Attorney Michael P. Norris. The parties stipulated that the court receive and consider the report of Dr. Dwyer (Filing No. 48 - Sealed). Wilds was afforded an opportunity to testify and to present evidence or witnesses on his behalf. Wilds declined to present any evidence. No further evidence was presented by either side.

The FDC-Englewood forensic evaluation diagnoses Wilds as follows: Adjustment Disorder with Anxiety; Social Anxiety Disorder; and Cannabis Use Disorder, Mild, Early Remission (Controlled Environment); with Rule Outs of: Malingering and Borderline Intellectual Functioning (Filing No. 48 - Sealed, page 16). The forensic evaluation was

made after observation and interviews with Wilds at FDC-Englewood after Wilds' arrival at that facility. Dr. Dwyer concluded Wilds does not suffer from a mental disease or defect which would interfere with Wilds' ability to understand the proceedings against him or assist counsel in Wilds' defense. As such, Dr. Dwyer opined Wilds was competent to stand trial.

Based upon a review of the forensic report submitted, and pursuant to 18 U.S.C. § 4241, I find the defendant, Jason M. Wilds, is mentally competent to stand trial, understands the nature of the proceedings against him, and is able to assist in his own defense. This case shall now progress in the ordinary course of a criminal proceeding in this district.

At the conclusion of the competency hearing, Wilds requested some additional time in which to prepare for trial. Wilds stated on the record he understood the additional time would be excluded under the computations of the Speedy Trial Act. The request is granted. Accordingly, this matter is set for trial before Senior Judge Bataillon and a jury **on November 2, 2015**. The ends of justice have been served by granting such request and outweigh the interests of the public and the defendant in a speedy trial. The additional **time** arising as a result of the granting of the request, i.e., the time between **September 28, 2015, and November 2, 2015,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that defendant's counsel requires additional time to adequately prepare the case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

**IT IS SO ORDERED.**

DATED this 28th day of September, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge